UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRANDON SCOTT LAVERGNE (#424229)

VERSUS                                              CIVIL ACTION

N. BURL CAIN, ET AL                                 NUMBER 13-233-JJB-SCR

**RULING ON MOTION FOR TEMPORARY RESTRAINING ORDER**

Before the court is the plaintiff's Motion for Temporary Restraining Order. Record document number 8.

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden N. Burl Cain, Warden Angie Norwood, Warden Darrell Vannoy and Warden Ken Norse. Plaintiff alleged that the defendants have been deliberately indifferent to his serious medical needs in violation of his constitutional rights.

Plaintiff also filed a motion for temporary restraining order seeking to enjoin prison officials from retaliating against him, screening his legal mail and screening any attorney visits in connection with this case.

A preliminary injunction is an extraordinary equitable remedy that may be granted only if the plaintiff establishes four elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might cause the defendant;

and (4) that the injunction will not disserve the public interest. *Hoover v. Morales*, 164 F.3d 221 (5th Cir. 1998). Additionally, in accordance with the Prison Litigation Reform Act ("PLRA"), preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the federal right, and be the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a).

It is unlikely that the plaintiff will prevail on his claims against the defendants. Any harm which may come to the plaintiff is likely to be minor rather than irreparable and it can be compensated for monetarily should the plaintiff prevail in this action.

Finally, the public interest in the issuance or denial of a preliminary injunction is minimal or non-existent in this case.

The plaintiff has not shown the exceptional circumstances needed for issuance of a preliminary injunction.

Accordingly, the plaintiff's request for a temporary restraining order is denied.

Baton Rouge, Louisiana, June 5, 2013.

_____
JAMES J. BRADY, JUDGE
MIDDLE DISTRICT OF LOUISIANA