UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRANDON SCOTT LAVERGNE (#424229)

VERSUS

N. BURL CAIN, ET AL

CIVIL ACTION

NUMBER 13-233-JJB-SCR

## RULING ON MOTION FOR REHEARING
## ON MOTION FOR PRELIMINARY INJUNCTION

Before the court is the plaintiff's Motion for Rehearing on Motion for Preliminary Injunction. Record document number 23.

Plaintiff filed a motion for preliminary injunction[1] which was deferred to the trial on the merits.[2] Plaintiff is now before the court seeking reconsideration of his motion for preliminary injunction. Plaintiff argued that he suffers from sleep apnea and the likelihood of success in this litigation is high.

Having reconsidered the plaintiff's motion for preliminary injunction as supplemented by the argument in his motion for rehearing, the court finds that the plaintiff has not shown the exceptional circumstances needed for issuance of a preliminary injunction.

A preliminary injunction is an extraordinary equitable remedy that may be granted only if the plaintiff establishes four elements: (1) a substantial likelihood of success on the merits;

---

[1] Record document number 18.

[2] Record document number 21.

(2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) that the injunction will not disserve the public interest. *Hoover v. Morales*, 164 F.3d 221 (5th Cir. 1998). Additionally, in accordance with the Prison Litigation Reform Act ("PLRA"), preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the federal right, and be the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a).

It is unlikely that the plaintiff will prevail on his claims against the defendants. Any harm which may come to the plaintiff is likely to be minor rather than irreparable and it can be compensated for monetarily should the plaintiff prevail in this action.

Finally, the public interest in the issuance or denial of a preliminary injunction is minimal or non-existent in this case.

The plaintiff has not shown the exceptional circumstances needed for issuance of a preliminary injunction.

Accordingly, the plaintiff's request for a preliminary injunction is denied.

Baton Rouge, Louisiana, September 5th, 2013.

---

JAMES J. BRADY
UNITED STATES DISTRICT JUDGE